IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **ERIK OLAFSSON and TANYA OLAFSSON** | |
| Plaintiffs, | **ORDER OF SUMMARY REMAND** |
| v. | Case No. 2:15-CV-89DAK |
| **APRIL GRANQUIST,** | Judge Dale A. Kimball |
| Defendant. | |

On February 9, 2015, Defendant April Granquist removed this action from the Third Judicial District in and for Salt Lake County, State of Utah, case no. 150900195. Pursuant to 28 U.S.C. § 1446(c)(4), the United States District Court in which a notice of removal is filed must "examine the notice promptly" and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

In this case, the notice of removal is facially improper because this court does not have original jurisdiction over an eviction action. A civil action brought in state court may only be removed to federal court if the action is one that could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). Defendant has not demonstrated that there is a diversity of citizenship. All parties are residents of Utah. Furthermore, Defendant has not demonstrated any federal question jurisdiction. An eviction action is based solely on state law. If Defendant believes there are federal constitutional rights at issue in the state court action, such rights can be

or should have been asserted as a defense in the state court action.  The court concludes that the materials submitted by Defendant do not state a basis for this court to exercise original jurisdiction over this matter.

     Therefore, this case is REMANDED to the Third District Court in and for Salt Lake County, State of Utah.  Pursuant to 42 U.S.C. § 1447(c), the clerk of this court shall mail a certified copy of this Order of Summary Remand to the clerk of said state court.

     DATED this 9th day of February, 2015.

_____
DALE A. KIMBALL
United States District Judge